IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JESSIE RAY MUNSELL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE<br><br><br><br>Case No. 2:08-CR-94 TS |

Defendant moves to amend his sentence of two years of supervised release to one year because at his plea colloquy he was informed that the maximum term of supervised release was one year. The government opposes the Motion, pointing out that while the maximum term of supervised release was incorrectly listed in the Statement in Advance of Plea as one year, the actual maximum term of supervised release for Defendant's offense of conviction–escape–is not more than three years.

The Court finds as follows: The Statement in Advance of Plea incorrectly listed the maximum term of supervised release as a one-year term. Accordingly, at the Plea hearing, Defendant was not correctly informed of the maximum possible penalty of supervised

1

release as required by Fed.R.Crim. P. 11(b)(1)(H).  Defendant received the Presentence Report (PSR), which correctly stated, at paragraph 56, that the maximum term of supervised release was not more than three years.  Being informed in the PSR of the correct maximum term of supervised release, Defendant did not seek to withdraw his plea or object to that provision of the PSR.  At the October 14, 2008 sentencing, in accordance with its obligations under the plea agreement, the government recommended a sentence at the low end of the guideline range.  Defendant did not object to the correct maximum term of supervised release, but argued that the guideline range of a two-year supervised release was appropriate.  The Court applied a three-level reduction in the offense level for Defendant's acceptance of responsibility and sentenced him to 15 months of confinement—the low end of the advisory guideline range–and also imposed a two-year, rather than a three-year, term of supervised release as requested by Defendant.

In his current Motion, Defendant does not argue that he would not have pleaded guilty had he been informed of the correct maximum term of supervised release at his change of plea hearing.

The Court "does not have inherent authority to modify a previously imposed sentence."[1]  Rather, this Court "is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[2]  Thus, this Court has extremely limited authority to modify a sentence once it is imposed.

---

[1] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[2] *United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir. 1996).

Section § 3582(c) of Title 18 authorizes the trial court to modify a sentence: "upon motion of the Director of the Bureau of Prisons"; "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; and, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[3]  Defendant has shown none of these circumstances.

Absent grounds under § 3582(c), a defendant must seek relief from his sentence under a direct appeal from his or her sentence, or by filing a petition under 28 U.S.C. § 2255.  However, as the Supreme Court has noted regarding claims of violation of Rule 11:

> A defendant will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255; and relief on direct appeal, given the plain-error standard that will apply in many cases, will be difficult to get, as it should be.[4]

Based on the foregoing, the Court finds that it has no authority to grant the relief requested.  This decision does not affect the Defendant's ability, after he has completed at least one year of supervised release, to file a motion seeking early termination of supervised release under 18 U.S.C. § 3583(e)(1).  It is therefore

---

[3] 18 U.S.C. § 3582(c)(1)(A), (B) and (C).

[4] *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n. 9 (2004) (holding in direct appeal "that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").

ORDERED that Defendant's Motion to Correct Sentence or to Amend Length of Supervision (Docket No. 24) is DENIED.

DATED   July 27, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge